CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 1 0 2017

JULIA C. DUDLEY, CLERK
BY: F Colu
DEPUTY CLERK

1 CEDRICK E DRAPER
2229 YORKTOWN AVE #302
2 LYNCHBURG VA 24501

3

UNITED STATES WESTERN DISTRICT COURT

4

DANVILLE DIVISION

5

6
CEDRICK E DRAPER,                        ) Case No.: 4:17-cv-00042
7                                         )
                    Plaintiff,            ) To: Honorable Jackson L. Kiser
8                                         ) Senior United States District Judge
  vs.                                     ) Supportive Evidence
9                                         )
  MUY PIZZA HUT SOUTHEAST LLC AND PIZZA   )
10                                        )
  HUT,                                    )
11                                        )
                    Defendant             )
12 _____

13 Paragraph IV. Exhibited Documents 41 documents

14

15

16

17

18

19

20

21

22

23

24                    Supportive Evidence - 1

25                    Certificate of Service

26     I HEREBY CERTIFY THAT ON JULY 10ᵀᴴ 2017 A TRUE AND CORRECT COPY OF

27 FORGOING INSTRUMENT HAS BEEN FORWARDED BY FIRST CLASS MAIL TO THE COUNSEL OF

28 RECORD.

       SIGNATURE: _____

Terminal Digits | Year of Charge | — Identity Label | Month or Year | Disposition

edrick Draper vs Pizza Hit

438-2017-00312

JAN 25 2017

CHARGE No. 438-2017-00312

| FUNCTION CODE | STATUS CODE | DATE | ATTRIBUTE | INITIAL Please Print |
|---|---|---|---|---|
| | Rec'd | 12/27/2016 | | |
| (b)(5) | | 1/3/2017 | (b)(5) | |
| | | 1/11/2017 | | DJW |
| Chase Kevd | | 1/19/17 | | |
| (b)(5) | | 1/19/17 | (b)(5) | CG |
| | JAN 20 2017 | | | LI |

438-2017-00312

 

EEOC Form 291 (11/09)

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: Daron L. Calhoun, Director

CHARGE NO. 438-2017-00312

FROM: Vickki Sumlin, Investigator

SUBJECT: _____ Cedrick E. Draper _____   v.   _____ Pizza Hut _____
       *Charging Party*                        *Respondent*

(b)(5)

Decision by/
Recommendation approved by: _Dan Hall_   Date _1/19/2017_

 

**CONFIDENTIAL/PRIVILEGED--DO NOT DISCLOSE**
## PCHP Assessment Form

Staff Name: Vickki Y. Sumlin                                            Date: January 5, 2017

Charge No.: 438-2017-00312          CP:  Cedrick E. Draper

Respondent: PIZZA HUT

Statute(s): Title VII                              DOV:  12-22-2016

Basis(es): Retaliation

Issue(s): Discharge

**I.   Does the charge present any priority issues under SEP or DCP?** *Select if applicable:*

(b)(5)

**II.   Assessment on merits/PCHP Categorization.** *Select A, B, or C. Enter Justification on page 2:*

(b)(5)

**III. Further Legal/Enforcement assessment of "A" Charges:**

(b)(5)

 

**CONFIDENTIAL/PRIVILEGED--DO NOT DISCLOSE**
## PCHP Assessment Form

**IV. Check if the charge presents any of the following selected "Topic Areas":**

(b)(5)

**Justification for Assessment** *(attach additional pages if necessary):*

(b)(5)

| Supervisor's Review | Legal Review |
|---|---|
| Name: | Name: |
| Date: (b)(5) | Date: (b)(5) |
| Reason: | Reason: |

| | CASE LOG | | |
|---|---|---|---|
| **Page** | | | |
| **Charge No.**<br>438-2017-00312C | **Respondent**<br>PIZZA HUT | | **Charging Party**<br>Cedrick E. Draper |
| **Date** | **Action** | **Entered By** | **Reviewed/ Approved** |
| 12/27/2016 | Completed Q received via mail | KS | |
| 12/27/2016 | 131(h) mailed, allegations input, charge formalized. Case file to CRTIU Supervisor for assignment | KS | |
| 1/3/2017 | assigned to VS | ECA | |
| 1/4/17 | Left voicemail for CP. | MS | |
| 1/4/17 | CP returned my call. He asked if he could call me back tomorrow at 3:10 p.m. I agreed. | MS | |
| 1/4/17 | CP called back. Conducted interview. | MS | |
| 1/10/17 | Received a copy of the 131 back. The address was incorrect. I spoke w/ CP to see which address it should go to. He stated he will call me back w/ the information. | MS | |
| | | | |
| | | | |

EEOC Form 159 (10/94)

| | CASE LOG | | |
|---|---|---|---|
| Page | | | |

| Charge No.<br>438-2016-01172N | Respondent | | Charging Party<br>Cedrick E. Draper | |
|---|---|---|---|---|
| Date | Action | | Entered By | Reviewed/<br>Approved |
| 8/22/2016 | Complaint letter received via mail | | LDI | |
| 8/25/2016 | Questionnaire mailed to PCP for completion. Inquiry placed in 60 day file | | LDI | |
| 12/27/16 | completed Q received via mail | | KS | |
| 12/27/16 | 131(n) mailed. Allegations input. Case | | KS | |
| 12/27/16 | file to CRTIU supervisor for assignment | | KS | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EEOC Form 159 (10/94)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Richmond Local Office**

400 N. 8th Street, Suite 350
Richmond, VA 23219
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Richmond Status Line: (866) 408-8075
Direct Dial: (804) 771-2200
TTY (804) 771-2227
FAX (804) 771-2224
Website: www.eeoc.gov

Memorandum: File

Charging Party: Cedrick Draper          January 5, 2017

Respondent: Pizza Hut

Charge Number: 438-2017-00312

**Intake Phone Interview:**

I: On your questionnaire it shows that you were discharged. What reason was given to you for your discharge?

CP: I wasn't given a reason. Aaron (LNU), General Manager just told me that he had to let me go.

I: When was this?

CP: On December 22, 2016.

I: No reason was given? What was the conversation when the General Manager spoke to you?

CP: This started because of an incident that happened a couple of weeks earlier.

I: What was the incident?

CP: Okay, so there is an online training. It's basically for people who want to go to school or have academic access. (b)(5)

I: What was the incident that occurred?

CP: There was a certain way to prep on garlic knots. They have a spec. sheet or job aid. I was working with Aaron and he was showing me a way that was not consistent with the job aid. After I told him that it was not the same he got mad and started cursing and said the process wasn't right.

I: When was this?

CP: It was the Sunday before the Thursday I got fired.

I: On your questionnaire you selected retaliation as your basis. How do you believe you've been retaliated against?

CP: I was singled out. I really don't know why I was singled out. He never made a racial comment. I don't know, he may like men and women. He was very disrespectful. I've been there four years. I was doing the procedures correctly but being argued with for doing it right. You see I was incarcerated in 2006. He has been singling me out. It's been hard to keep a job but I kept it. Now I don't have one.

I: Have you been able to find other employment?

CP: No, it's hard to find a job because of my background.

I: Did you complain to anyone about the way you were treated? If so, who did you complain to and what was the complaint?

CP: I complained to the EEOC (CP did send in inquiries in September 2015 and November 27, 2016, that were closed). I wrote a complaint in 2015.

I: What happened with the complaint?

CP: I sent in a questionnaire. That's all. I also complained to Emanuel (LNU), District Manager. I asked to be moved to a different store.

The interview concluded at this point.

**Administrative:**

(b)(5)



# INTAKE CHECKLIST
## Areas To Cover During Intake

### PCP COUNSELING

**General**
- ✓ Intent to file
- ____ PCP received uniform brochure

**Jurisdiction**
- ✓ Timely (signed document within 180/300 days from date of harm
- ✓ Employee/employer relationship or applicant for job
  (includes Labor Organizations & Employment Agencies)
- ✓ Number of employees (15 for TVII, ADA and GINA; 20 for ADEA)
- ✓ Tangible harm/negative job action/discriminatory policy or practice
- ____ Geographical ownership (if discrimination occurred in the jurisdiction of another Field Office, explain that the charge will be taken and transferred. Provide contact information for the appropriate office)

**Merit**
- ✓ Covered basis identified
- ✓ Harm described (specific dates and circumstances)
- ____ Comparators (if applicable)
- ____ Witnesses (and type of information they might have)
- ____ ADA Interview
- ____ Potential Technical Violations
  - ____ EEOC Posters Displayed in Workplace?
  - ____ Co-mingling of medical/health records with personnel/employment records?
  - ____ ADEA: Signed release that precludes filing a charge?

**Miscellaneous Critical Issues**
- ✓ Counsel regarding coverage or non-coverage and strengths and weaknesses
- ✓ Counsel regarding Notice of Charge to respondent within 10 days
- ✓ Counsel regarding retaliation, especially if still employed by respondent (coverage for complaining, filing charge, serving as witness)
- ✓ Explain right to file
- ✓ Explain when EEOC may dismiss quickly (self-defeating claims/legitimate non-discriminatory reason or motive, etc.)
- ✓ What EEOC expects from PCP and due dates, if appropriate
  - ✓ Additional information needed
  - ____ Specific evidence needed to substantiate the claim
  - ____ What relief is PCP requesting?
  - ____ Damages information/explain mitigation and need for documentation
  - ____ Notify EEOC of changes in address, telephone and/or e-mail

**Process** (*Explain and describe to PCP*)
- ✓ Timelines/service of charge, mediation, investigation, etc.
- ✓ Mediation process
- ✓ Investigative process, including possible settlement efforts and opportunities
- ✓ Types of resolutions (settlements, administrative dismissals and findings)
  - ✓ No Cause Findings
    - ✓ At any point during the investigation
    - ✓ Results in Dismissal and Notice of Rights (90 days to file a lawsuit in federal

court)

_____Cause Findings
_____Conciliation successful (ends all processing/no RTS issued)
_____Conciliation unsuccessful
_____✓ Notice of Right to Sue Issued (90 days to file in court)
_____If Title VII or ADA charge against state or local government, DOJ issues NRTS
_____Litigation Review
_____EEOC decides to litigate (of the 80,000 charges filed yearly, only 300 suits filed per year)
_____EEOC decides not to litigate (NRTS issued – 90 days to file in federal district court)
_____NRTS Request (administrative closure granted after 180 days – 90 days to file in court)
✓ Disclosure rights within the 90 days after closure of charge
✓ General timeliness for contact
✓ EEOC contact directions
_____Procedures unique to the Office

**Charge Development**
✓ Draft Form 5 (Mail out)
_____Verify charge accuracy with PCP
_____Obtain PCP signature on Form 5

**Follow-up**
✓ Answer any questions
_____Copy of date-stamped charge to CP

## INTERNAL PROCESSING

**IMS Data Entry**
✓ CP, R, allegations and general data entered
✓ IMS notes updated
_____Communication method Identified
_____Respondent local list utilized/updated
_____EEO-1 data imported
_____Noose/KKK/swastikas/related symbols and words identified
_____N-word identified

**Internal Procedures**
✓ Complete PCHP Assessment form
✓ CP credibility assessment
_____Other procedures unique to the Office, identify below

_____

2

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Cedrick E. Draper**
**P.O. Box 3089**
**Martinsville, VA 24115**

From: **Richmond Local Office**
**400 North 8th Street**
**Suite 350**
**Richmond, VA 23219**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **438-2017-00312** | **Vickki Y. Sumlin,**<br>**Investigator** | **(804) 771-2148** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Daron Calhoun*

**Daron L. Calhoun,**
**Director**

JAN 20 2017

(Date Mailed)

Enclosures(s)

cc: **Crystal Cuellar**
**Lead Human Resources**
**PIZZA HUT**
**17890 Blanco Road, Suite 401**
**San Antonio, TX 78232**

Enclosure with EEOC
Form 161 (11/16)



# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Richmond Local Office**

400 N. 8ᵗʰ Street, Suite 350
Richmond, VA 23219
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Richmond Status Line: (866) 408-8075
Direct Dial: (804) 771-2200
TTY (804) 771-2227
FAX (804) 771-2224
Website: www.eeoc.gov

Cedrick Draper
P.O. Box 3089
Martinsville, Virginia 24115

    *Re:*    *Cedrick Draper v. Pizza Hut*
           *EEOC Charge No.: 438-2017-00312*

Dear Mr. Draper:

    The investigation of your Charge of employment discrimination in the above referenced matter has been completed. The Equal Employment Opportunity Commission (EEOC) is dismissing your charge and is issuing you a Notice of Right to Sue.

    The Charge provided to the Commission indicates that you allege you were retaliated against by being discharged, in violation of Title VII of the Civil Rights Act of 1964, as amended. At the time of filing, you were apprised of the fact that the EEOC reserves the right to and has the authority to discontinue processing of and terminate the investigation of your charge at any time.

    Further, a review of your case has revealed the following:

    1. To prove a case of retaliation under EEOC statutes, it must be shown that the individual either participated in the EEO process or opposed an unlawful discriminatory policy or practice. In this instance, no evidence was presented to indicate either of these situations occurred.

    2. The evidence provided does not indicate that the adverse employment action that occurred was due to any discriminatory animus on the part of the Respondent. The evidence does show that there was a disagreement between you and your management that culminated in your discharge.

    In view of these facts, it is unlikely that further investigation will result in a finding that a violation of the law(s) under which you filed your charge has occurred. For that reason, I have recommended your Charge for dismissal. The file has been transferred to the Director, Richmond Local Office, for final determination.

    After this letter you will receive a Dismissal Notice of Right to Sue and an Information Sheet which describes your right to pursue the matter in federal court by filing a lawsuit within (90) days of receipt of the dismissal notice. It is important that suit be filed in the United States District Court within (90) days of receipt. Failure to do so will result in the loss of your right to

proceed in court. This (90) day period for filing a private lawsuit cannot be waived, extended or restored by the EEOC. Please note that the EEOC does not make attorney recommendations or provide endorsements regarding their abilities.

I regret that we cannot be of further assistance to you in this matter.

Sincerely,

*Vickki Y. Sumlin*
Vickki Y. Sumlin
Federal Investigator
Mailed JAN 2 0 2017

 **U.S. Equal Employment Opportunity Commission**
**Richmond Local Office**
400 North 8th Street
Suite 350
Richmond, VA 23219

## NOTICE OF CHARGE OF DISCRIMINATION

### (This Notice replaces EEOC FORM 131)

### DIGITAL CHARGE SYSTEM

January 19, 2017

**To:** Crystal Cuellar
Lead Human Resources
PIZZA HUT
crystal.cuellar@muycompanies.com

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Cedrick E. Draper, under: Title VII of the Civil Rights Act (Title VII). The circumstances of the alleged discrimination are based on Retaliation, and involve issues of Discharge that are alleged to have occurred on or about Dec 22, 2016.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access EEOC's secure online system: **https://nxg.eeoc.gov/rsp/login.jsf**
2. Enter this EEOC Charge No.: 43 (b)(6),(b)(7)(C)
3. Enter this temporary password (b)(6),(b)(7)(C)

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses, and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding the Digital Charge System, you can send an email to Richmond@eeoc.gov.

**Preservation of Records Requirement**

EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.




 **U.S. Equal Employment Opportunity Commission**

## FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for EEOC's consideration.

We recommend you review EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

### Fact-Based Position Statement
This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

EEOC may release your position statement and non-confidential attachments to the Charging Party and her representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

### Signed by an Authorized Representative
The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.



**Segregate Confidential Information Into Separately Designated Attachments**

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

   a. Sensitive medical information (except for the Charging Party's medical information).
   b. Social Security Numbers
   c. Confidential commercial or financial information.
   d. Trade secrets information.
   e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
   f. Any reference to charges filed against the Respondent by other charging parties.

**Requests for an Extension**

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply.  Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

**Upload the Position Statement and Attachments Into the Respondent Portal**

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted, you will not be able to retract it via the Portal.

 

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Virginia Division of Human Rights**
**Office of the Attorney General**
**202 North Ninth Street**
**Richmond, VA 23219**

Date **January 19, 2017**
EEOC Charge No.
    **438-2017-00312**

FEPA Charge No.

**CHARGE TRANSMITTAL**

**SUBJECT:**

| **Cedrick E. Draper** | v. | **PIZZA HUT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC ☐ _____ on **Dec 27, 2016**
                                              *Name of FEPA*            *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

    ☐ EEOC requests a waiver         ☐ FEPA waives

    ☐ No waiver requested         ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Daron L. Calhoun, Director** | |

| **Cedrick E. Draper** | v. | **PIZZA HUT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

**TO WHOM IT MAY CONCERN:**

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **R. Thomas Payne, II, Director** | |

TO: **Richmond Local Office**
**400 North 8th Street**
**Suite 350**
**Richmond, VA 23219**

Date **January 19, 2017**
EEOC Charge No.
    **438-2017-00312**

FEPA Charge No.

 

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 438-2017-00312 |

**Virginia Division of Human Rights** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Cedrick E. Draper** | **(276) 806-4958** | **1985** |

Street Address | City, State and ZIP Code
**2229 Yorktown Ave, Lynchburg, VA 24501**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **PIZZA HUT** | **Under 15** | **(276) 638-4514** |

Street Address | City, State and ZIP Code
**2550 Greensboro Rd, Martinsville, VA 24148**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-22-2016**  Latest **12-22-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I. I was hired as a Delivery Driver by the above named employer on August 25, 2012. On December 18, 2016, I was working with the General Manager. He was showing me how to prepare garlic knots; however, he was not preparing them according to the specifications supplied by the company. When I pointed this out to him he became upset and began to curse at me. I did not react to what he was saying but let him know that item was not within specifications. On December 22, 2016, when I came into work, the General Manager informed me that I was discharged.**

**II. No reason was given for my discharge.**

**III. I believe I was retaliated against by being discharged, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

RECEIVED
US EEOC
RICH LOC OFC
17 JAN 19 AM II: 34

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/17/17
Date | Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 1-17-17
*(month, day, year)*
City of Martinsville, Commonwealth of Virginia
My comm exp 7-31-20  Reg# 347377

Case 4:17-cv-00042-JLK   Document 16-3   Filed 07/10/17   Page 21 of 41   Pageid#: 130



January 13, 2017

Cedrick E. Draper
P.O. Box 3089
Martinsville, VA. 24115

**Statement of Purpose**: This was advised within the intake process after the questionnaire process of the EEOC department.

- First incident is the harassment document of last August 2016, which was discussed by the EEOC officer or representative.
- Second define incident is regarding the interaction with another employee. The employee place his hands upon me in anger which resulted in me notifying the present General Manager. He did nothing regarding the situation so I proceeded to the Henry County Sheriff that advised me of the 1 year rule to reflect a charge against the opposed employee that attempt the action. I just told the Sheriff to notify the General Manager about the issue so if anything else was to occur further there would be evidence leading to the ending results.
- Third occurrence is stated on the charge petition.

Signature: _____

Date: 1/17/17

Location: Martinsville Virginia

2017 JAN 19 AM 11: 35
RECEIVED
US EEOC
RICH LOC OFC

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

2017 JAN - 2 AM 11: 07

RECEIVED
US EEOC
RICH LOC OFC

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Crystal Cuellar<br>Lead Human Resources<br>PIZZA HUT<br>17890 Blanco Road, Suite 401<br>San Antonio, TX 78232 | **Cedrick E. Draper** |
| | THIS PERSON (*check one or both*) |
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**438-2017-00312** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
   to
   If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Daron L. Calhoun,<br>Director | **Richmond Local Office**<br>**400 North 8th Street**<br>**Suite 350**<br>**Richmond, VA 23219**<br>**Fax: (804) 771-2224** |
|---|---|
| *EEOC Representative* | |
| Telephone   **(804) 771-2200** | |

Enclosure(s): [ ]   Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: Discharge

DATE(S) (on or about): EARLIEST: 12-22-2016   LATEST: 12-22-2016

| Date<br><br>**January 11, 2017** | Name / Title of Authorized Official<br><br>**Daron L. Calhoun,**<br>**Director** | Signature<br><br>*Daron S Calh* |
|---|---|---|

*Enclosure with EEOC*
*Form 131 (11/09)*

 

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| **ATTENTION:**<br>**Mr. Emmanuel Boateng**<br>**District Manager**<br>**PIZZA HUT**<br>**2550 Greensboro Rd**<br>**Ridgeway, VA 24148** | **Cedrick E. Draper** |

THIS PERSON (*check one or both*)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**438-2017-00312**

## NOTICE OF CHARGE OF DISCRIMINATION
### (See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Daron L. Calhoun,**
**Director**

*EEOC Representative*

*Telephone* **(804) 771-2200**

Enclosure(s): [ ] Copy of Charge

**Richmond Local Office**
**400 North 8th Street**
**Suite 350**
**Richmond, VA 23219**
**Fax: (804) 771-2224**

2017 JAN -5 PM 12: 48
RECEIVED
US EEOC
RICH LOC OFC

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: Discharge

DATE(S) (on or about):   EARLIEST: 12-22-2016   LATEST: 12-22-2016

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| December 27, 2016 | Daron L. Calhoun,<br>Director | *Daron S Calhoun* |

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| **ATTENTION:**<br>**Mr. Emmanuel Boateng**<br>**District Manager**<br>**PIZZA HUT**<br>**2550 Greensboro Rd**<br>**Ridgeway, VA 24148** | **Cedrick E. Draper** |

THIS PERSON *(check one or both)*

| [X] | Claims To Be Aggrieved |
|---|---|
| [ ] | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**438-2017-00312**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional Information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| [X] Title VII of the Civil Rights Act (Title VII) | [ ] The Equal Pay Act (EPA) | [ ] The Americans with Disabilities Act (ADA) |
|---|---|---|
| [ ] The Age Discrimination in Employment Act (ADEA) | [ ] The Genetic Information Nondiscrimination Act (GINA) | |

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate our investigation.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
to
If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Daron L. Calhoun,<br>Director | **Richmond Local Office**<br>**400 North 8th Street**<br>**Suite 350**<br>**Richmond, VA 23219**<br>**Fax: (804) 771-2224** |
|---|---|
| *EEOC Representative* | |
| *Telephone* **(804) 771-2200** | |

Enclosure(s): [ ] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| [ ] Race | [ ] Color | [ ] Sex | [ ] Religion | [ ] National Origin | [ ] Age | [ ] Disability | [X] Retaliation | [ ] Genetic Information | [ ] Other |
|---|---|---|---|---|---|---|---|---|---|

**ISSUES:** Discharge

**DATE(S) (on or about):  EARLIEST:** 12-22-2016   **LATEST:** 12-22-2016

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| December 27, 2016 | Daron L. Calhoun,<br>Director | *Dan S Calh* |

*Enclosure with EEOC*
*Form 131 (11/09)*

 

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Richmond Local Office**

400 N. 8th Street, Suite 350
Richmond, VA 23219
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Richmond Status Line: (866) 408-8075
Direct Dial: (804) 771-2200
TTY (804) 771-2227
FAX (804) 771-2224
Website: www.eeoc.gov

January 5, 2017

Respondent: Pizza Hut
EEOC Charge No.: 438-2017-00312

Cedrick Draper
2229 Yorktown Avenue
Lynchburg, VA 24501

Dear Mr. Draper:

This is with reference to your recent inquiry (an office visit, phone call, or correspondence) in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to one or more of the following laws:

[X]     Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]     The Age Discrimination in Employment Act (ADEA)

[ ]     The Americans with Disabilities Act (ADA)

[ ]      The Equal Pay Act (EPA)

[ ]     The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, was drafted as a result of the information provided. To enable proper handling of this action by the Commission you should:

(1) Review the enclosed Charge of Discrimination.

(2) Sign and date all copies of the charge in the bottom left hand block. The date of signature on the charge will not affect the jurisdiction date established in any original written complaint previously given to EEOC. Please keep one copy for your records.

(3) Return the signed charges to this office.

Since charges should be processed within the time limits imposed by law, please complete these steps as soon as possible. Please call me at the number listed below if you have any questions. If you have to call long distance, please call 1 (800) 669- 4000.

[X] Please be aware that the EEOC will send a copy of the charge to the agency listed below as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be



made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

Office of the Attorney General
Virginia Division of Human Rights
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please notify this office of any change in address or of any prolonged absence from home. It is your responsibility to keep us apprised of your new address. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

*VICKKI Y. SUMLIN*
Vickki Y. Sumlin
Investigator
(804) 771-2148

Office Hours: Monday – Thursday
8:30 a.m. - 4:30 p.m.
www.eeoc.gov

EEOC Form 5 (11/09)

 

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 438-2017-00312 |

**Virginia Division of Human Rights** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Cedrick E. Draper** | **(276) 806-4958** | **1985** |

Street Address — City, State and ZIP Code
**2229 Yorktown Ave, Lynchburg, VA 24501**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **PIZZA HUT** | **Under 15** | **(276) 638-4514** |

Street Address — City, State and ZIP Code
**2550 Greensboro Rd, Martinsville, VA 24148**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-22-2016**  Latest **12-22-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired as a Delivery Driver by the above named employer on August 25, 2012. On December 18, 2016, I was working with the General Manager. He was showing me how to prepare garlic knots; however, he was not preparing them according to the specifications supplied by the company. When I pointed this out to him he became upset and began to curse at me. I did not react to what he was saying but let him know that item was not within specifications. On December 22, 2016, when I came into work, the General Manager informed me that I was discharged.

II. No reason was given for my discharge.

III. I believe I was retaliated against by being discharged, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____   _____  Date          Charging Party Signature | |

438-2017-00312

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE 438 2016 01172

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: Draper    First Name: Cedrick    MI: E

Street or Mailing Address: 2229 Yorktown Ave    Apt or Unit #: 302

City: Lynchburg    County: _____    State: VA    Zip: 24501

Phone Numbers: Home: (276) 806 4958    Work: ( )

Cell: ( )    Email Address: cedrick.draper@waldenu.edu

Date of Birth: 11/11/1985    Sex: ☒ Male ☐ Female    Do You Have a Disability? ☐ Yes ☒ No

Please answer each of the next three questions.    i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race?    Please choose all that apply. ☐ American Indian or Alaskan Native    ☐ Asian    ☐ White
☒ Black or African American    ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? N/A

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: Virginia Mirror Company (Plant Manager)    Relationship: Plant Manager

Address: 300 Mass Street    City: Martinsville    State: VA    Zip Code: 24112

Home Phone: ( )    Other Phone: ( )

RECEIVED US EEOC RICH LOC OFC 2016 DEC 27 PM 12:58

**2. I believe that I was discriminated against by the following organization(s): (Check those that apply)**    female cook

☒ Employer    ☐ Union    ☐ Employment Agency    ☒ Other (Please Specify) Assitant Manager, waitress,

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: Pizza Hut

Address: 2550 Greensboro Road    County: Henry

City: Martinsville    State: VA    Zip: 24148    Phone: (276) 638 4814

Type of Business: Res- Fast food    Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: Emmanuel Boateng    District Manager    Phone: (336) 254-2120

Number of Employees in the Organization at All Locations: Please Check (✓) One    Crystal @ (210) 408 2446
Cuellar

☒ Fewer Than 15    ☐ 15 – 100    ☐ 101 – 200    ☐ 201 – 500    ☐ More than 500

**3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No**

Date Hired: 8/25/2012    Job Title At Hire: Delivery Driver

Pay Rate When Hired: $7.25    Last or Current Pay Rate: $7.45 3 to 4 week pay dropt to $7.25

Job Title at Time of Alleged Discrimination: Cook but pays as a    Date Quit/Discharged: 12/22/2016
Driver (unknown no check stubs)

Name and Title of Immediate Supervisor: Aaron

If Job Applicant, Date You Applied for Job    One week from hired date    Job Title Applied For    any open position

1

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race ☐ Sex ☐ Age ☐ Disability ☐ National Origin ☐ Religion ☑ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _N/A_

If you checked genetic information, how did the employer obtain the genetic information? _N/A_

Other reason (basis) for discrimination (Explain): _Very flagmentive in doing procedure the correct way and not displaying the same actions to other employees_

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: _12/11/16_   Action: _Had to call the police to verify if I was release early or fired. (Very disrespectful to only me and no other workers)_
Name and Title of Person(s) Responsible: _General Manager_

B. Date: _11/27/16_   Action: _Had to get a police officer to speak to the General Manager about another dispute regarding a prior issue the day before_
Name and Title of Person(s) Responsible _Harm_

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
_He take no effort in my request, agrees to the point of singleing me out, and no other methods are used on employees. He dictatored this method with the_

**7. What reason(s) were given to you for the acts you consider discriminatory?** By whom? His or Her Job Title? _Assistant_
_Under several weeks of no actions equally_ _Manager and waitress. Under several weeks of no actions equally_ _with the working environment than toward me only is a reflection to single out that worker_

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. _N/A_ | | | |
| B. _N/A_ | | | |

2




Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. N/A | | | |
| B. N/A | | | |

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. N/A | | | |
| B. N/A | | | |

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
☐ Yes, I have a disability
☑ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

N/A

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☐ Yes ☑ No
If "Yes," what medication, medical equipment or other assistance do you use?

N/A

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
☐ Yes ☑ No
If "Yes," when did you ask? N/A     How did you ask (verbally or in writing)? N/A
Who did you ask? (Provide full name and job title of person)
N/A
Describe the changes or assistance that you asked for: To be transferred because I relocated my residence

How did your employer respond to your request? He repeatedly said "That is not a option".

3

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|

A. Swear in the the entire work crew to justify his discriminatory actions toward me. Not going over board with that statement

B.

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** ☐ Yes ☒ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

N/A

**16. Have you sought help about this situation from a union, an attorney, or any other source?** ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

I spoke with the District Manager, tried to relocate to another store, took several words (in front of customer) without feedback. He terminate me for no reason without documenting why.

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

That I was ACADEMIC given access to the methods of making the food to was mad when I knew how to do the food. He just did not respect me

**BOX 1** ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

**BOX 2** ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____
Signature

12/22/2016
Today's Date

2016 DEC 27 PM 12: 11
RECEIVED
US EEOC
RICH LOC OFC

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a).
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

4

August 12, 2016

Cedrick E Draper
P.O. Box 3089
Martinsville Virginia 24115
27680654958

Equal Employment Opportunity Board
400 N. Eight Street
Suite 350
Richmond, VA
23219

Formal Complaint:

This letter is in regards to unfair employment actions under the verbal unacceptance of prior years' criminal background. Under the significant reflection of achieving the access back to the Civil rights portion of my life, the acceptance of employment from these posted Temp-to-hire facilities restrict employment on the count of my criminal conviction record. When I question most common answers the reflecting answer upon acceptance of the Civil rights of restoration is that it does not matter. When within many cases of hiring prior convicted potential employees sometimes convicted criminals carry a taxable benefit in the hiring process. As I pinpoint the location of each individual facility, I detail the interaction to the extent of no available employment toward the prior record of myself taking that I have tremendous amount of experience. The discrimination actions on the count of prior criminal conviction are not equal on the count of the active methods of rehabilitation within myself and resume presentation, working log, and experience. At the career level that I have obtain educationally and professionally, a breakeven point of acceptance has to be accomplished to sustain moderate survival in society. I was under a homeless state for at least four months on the count of limit access to sufficient job security & income, holding period of waiting listing for housing placement, and did not once act out of character within the active facilities that I am now employed. To be a convicted individual I have took it upon myself to seek greater experience certifications to secure nomination of a potential positions. So this is the next step to report the issue and hopefully doors my open. It may possibly have no significance toward the issue but this is possibly where to seek answers in the domain of criminal conviction discrimination within the hiring process of employment.

Location:

*Debbie Staffing-* After the intake background check processed a restriction was placed on the job placement evaluation according to the inquiry on the count of non-violent convictions within the background inquiry. I advised them of the Restoration of civil rights acceptance within the executive board of the pardon office of Richmond Virginia and even the educational credentials that I have achieved also within the after period of the prior conviction's release date. Under the no circumstances would they place me at a job affiliated with their clients until a future time period.
15 E Church St
Martinsville, VA 24112
276-632-0000

*Adecco-* I most recently was advised about a position over the phone and even went in the office of Adecco. I have posted for several positions online and have worked for the Martinsville location for about 3 months (inquire a raise within that seasonal working span). When I arrived at the office within a 2 hour drive to the office, the receptionist seen where my background cause a flag as non-hirable when I have already work under Adecco before. She even seemed nervous to tell me more information about the job request. So I revised my resume as requested because the CV resume was discrimination as she call it. Call the office again and await feedback from another background check as advised.

7335 Timberlake Rd., St. A
Lynchburg Virginia
434-439-0013

*Virginia Employment Commission-* At this facility I have revised, visited the office, interacted with jobs placement reps and no employment has been inquired from the facilities on the count of my prior convictions. I was advised about the listing of jobs that hire convicted criminals but still no luck from the many different job inquiries that I have attempted to get

233 West Commonwealth Blvd.
Martinsville, VA, 24112
Phone: 276 634-3600
Fax: 276 632-9425

Additional Information:
Hostile Work Environment Harassment
Store Managers: Aaron & Marry (I do not have knowledge of their last names)
Location: Pizza Hut 2550 Greensboro Rd. Ridgeway Virginia 276-638-4514
Incident: Several weeks prior to this effective date has ignited several disruptive actions in this work environment with the GM store manager Aaron. Under the circumstances of my prior conviction status I apprehend my reaction and push aside the reaction to engage within the unprofessional issue that may occur. I consulted with both managers and advise them on me protecting myself from any issue that may occur on the count of a dispute. Within the positon of their authority I respect their request to act upon reaction of other employees but I cannot attempt to let more issues occur without placing a stand before something larger occurs from a minor issue. I think they have whole lot more to lose than they act upon and I do so too. I take this seriously because this is a reflection of my present income. As the generation of income is harder to obtain day-by-day I have to seek more assistance to hold this position until something comes better. Their authority positions within the job is highly respected but to apprehend order back to a moderate level reflection of the ethical environment needs to be advised to sustain respect among employees & subordinates within the workplace.

Respectfully

Cedrick Euron Draper



129 West Trade Street, Suite 400
Charlotte, NC 28202
Toll Free: (877)-895-1802
TTY (704) 344-6684
FAX (704) 344-6734
Website: www.eeoc.gov

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

April 26, 2017

VIA: cedrick.draper@waldenu.edu
Mr. Cedrick E. Draper
2229 Yorktown Ave, Apt 302
Lynchburg, VA  24501

Re: FOIA No.: 430-2017-009656
Cedrick E. Draper v Pizza Hut
EEOC Charge No 438-2017-00312

Dear Mr. Draper:

Your Freedom of Information Act (FOIA) request, received on March 30, 2017 is processed.  Our search began on March 30, 2017.  All agency records in creation as of March 30, 2017 are within the scope of EEOC's search for responsive records.  The paragraph(s) checked below apply.

[  ]        Your request is granted.

[  ]        Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter.  An   attachment to this letter explains the use of these exemptions in more detail.

[  ]        Your request is procedurally denied as [  ] it does not reasonably describe the records you wish disclosed, or [  ] no records fitting the description of the records you seek disclosed exist or could be located after a thorough search, or [  ] the responsive records are already publically available.  See the Comments page for further explanation.

[ X ]      Your request is granted in part and denied in part.  Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter.  An attachment to this letter explains the use of these exemptions in more detail.

[  ]        Your request is closed for administrative reasons.  An attachment to this letter further explains this closure.

[  ]        A fee of $ 0.00 is charged.  Charges for manual search and review services are assessed according to the personnel category of the person conducting the search a.  Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour.  Direct cost is charged for computer search and in certain other circumstances.  Photocopying is .15 per page.  29 C.F.R. §1610.15.  The attached Comments page further explains the direct costs assessed.  The fee(s) charged is computed as follows:

      [  ]    Commercial use request: [  ] pages of photocopying; [  ] quarter hour(s) of [  ] review time; and [  ] quarter hour(s) of [  ] search time.  Direct costs are billed in the amount of [     ] for [          ];

      [  ]    Educational or noncommercial scientific institution or a representative of the news media request:  [  ] pages of photocopying.  The first 100 pages are provided free of charge; and

[ ]      All other requests: [ ] pages of photocopying and [ ] quarter hour(s) of search time. Direct costs are billed in the amount of [   ] for [   ]. The first 100 pages and the first two hours of search time are provided free of charge.

[ ]      Please submit payment of $ 0.00 by either:

     (1) Credit card at **pay.gov.** Visa, MasterCard, American Express and Discover credit cards are accepted. Debit cards bearing the Visa or MasterCard logo are also accepted. We will finish processing your request after EEOC receives a copy of your pay.gov credit or debit card receipt or

     (2) Check, payable to the United States Treasurer, to the address above.

[ X ]     The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]     The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ X ]     I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[ X ]     You may contact the EEOC FOIA Public Liaison for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

     The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202)741-5769.

     The contact information for the FOIA Public Liaison: (see contact information above or under signature).

[ X ]     If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Programs, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, or by fax to (202) 653-6034, or by email to FOIA@eeoc.gov. https://publicportalfoiapal.eeoc.gov/palMain.aspx. Your appeal will be governed by 29 C.F.R. § 1610.11.

[ X ]        See the attached Comments page for further information.

        Sincerely,


        <u>ss//Reuben Daniels/</u>
        Reuben Daniels
        District Director
        <u>CHARFOIA@eeoc.gov</u>

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption Codes Used:**

(b)(5), Exemption (b)(5) permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F.Supp. 2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998).

-9 codes redacted from Charge file front cover
-Recommendation for Closure containing deliberation and/or analysis, dated 1/19/17, 1 page
-Charge Assessment Form, containing deliberation and/or analysis, dated 1/5/17, 2 pages
-Notes/Memorandums of Investigator containing analysis and/or deliberative material, various dates, 2 pages

(b)(6), Exemption (b)(6) permits withholding of information about individuals in "personnel and medical files and similar files" if its disclosure "would constitute a clearly unwarranted invasion of personal privacy. In addition to personnel records and medical files, the term "similar files" encompasses all information that "applies to a particular individual." Dep't of State v. Washington Post Co., 456 U.S. 595, 599-603 (1982). This exemption requires that the privacy interests of the individual be balanced against the public interest in disclosure. Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). In examining whether there is a "public interest" in disclosure of certain information, the "public interest" must truly be in the interest of the overall public. Personal details pertaining to an individual are generally protected under this exemption.

-Redacted information about individuals in "personnel and medical files and similar files" where disclosure would constitute a clearly unwarranted invasion of personal privacy. In addition to personnel records and medical files, the term "similar files" encompasses all information that "applies to a particular individual", various dates- 1 line from Notice of Charge page

(b)(7)(C), Exemption (b)(7)(C) authorizes the Commission to withhold: records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . . The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978). "Personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. FCC v. AT&T Inc., 131 S.Ct. 1177, 1178 (2011).

-Redacted personal information about third parties (such as names, addresses, telephone numbers, social security numbers, and driver's license numbers) where the disclosure would invade personal privacy, various dates- 1 line from Notice of Charge page

For a full description of the exemption codes used please find them at the following URL:

https://publicportalfoiapal.eeoc.gov/palMain.aspx

This response was prepared by Francine Michaelson, Charlotte District Office Records Disclosure Coordinator, who may be reached at (704) 954-6424.